Thomas F. HOPPE, Petitioner,

v.

STATE OF WISCONSIN, Respondent.

No. 76–C–802.

United States District Court,
E. D. Wisconsin.

April 13, 1977.

Thomas F. Hoppe, pro se.

Bronson C. LaFollette, Atty. Gen., by John M. Schmolesky, Asst. Atty. Gen., Milwaukee, Wis., for respondent.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The petitioner Thomas F. Hoppe has filed a petition for issuance of a writ of habeas corpus challenging his conviction on May 21, 1974, in the circuit court for Winnebago county of the crimes of second degree murder and attempted first degree murder. The petitioner was sentenced to consecutive terms of 20 years and 10 years for these offenses. The petition is before the court on the pleadings, which include extensive exhibits and legal arguments, and the record that was before the Wisconsin supreme court on the petitioner's appeal of his conviction, including transcripts of his trial and motion hearings before the trial court. That state record was submitted to the court by the respondent, with a motion to supplement the record here by its inclusion. The motion to supplement the record will be granted, and Mr. Hoppe's petition will be denied.

The petitioner contends that prosecutorial misconduct at his trial denied him due process of law, that prejudicial pretrial publicity denied him a fair trial, that the evidence was insufficient to support conviction on either offense, that a new trial should be granted in the interests of justice, and that

his conviction should be invalidated because of conflicting testimony by a state witness.

██ The last three of these contentions can be disposed of summarily. The petitioner's claim that the evidence was insufficient to support a conviction does not amount to a claim that there was no evidence as to one or more elements of the crime. Compare *Anderson v. United States*, 417 U.S. 211, 223, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974), and *Thompson v. Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). Accordingly, the petitioner's disagreement with the jury's decisions as to the credibility of the evidence, and the inferences to be drawn therefrom, does not rise to a constitutional claim cognizable on federal habeas corpus. See 28 U.S.C. § 2254, which limits relief to circumstances involving a "violation of the Constitution or laws or treaties of the United States." Similarly, the claim for a new trial "in the interests of justice" is based on section 974.-02, Wis.Stats., not upon interests suitable for relief under 28 U.S.C. § 2254. The challenge to the conviction due to conflicting testimony is nothing more than a challenge to the credibility of the state's witness, which is a matter for the jury to resolve, not a constitutional claim. *Hoffa v. United States,* 385 U.S. 293, 311–12, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). For these reasons, the petition will be denied as to these three claims.

The petitioner's contention that he was denied due process through misconduct of the prosecutor at his trial is based on a number of leading questions asked by the prosecutor, some allegedly prejudicial improper remarks made by him, and a number of occasions during closing argument when the prosecutor gave or began to give his opinion of the evidence. I find this contention to be without merit.

██ In denying the petitioner's appeal of his conviction, the Wisconsin supreme court noted in *Hoppe v. State,* 74 Wis.2d 107, 120, 246 N.W.2d 122, 130 (1976):

"A review of the record indicates that, during the course of an extensive trial reported in 1500 pages of transcript, ap-proximately 20 objections were made on the ground of leading questions. Fourteen of these objections were sustained. Although these questions revealed an inartfulness on the part of the prosecutor, in the main they did not go to the question of Hoppe's guilt. They were more probative of the prosecutor's ineptness than they were of any intent to prejudice the defendant. On those questions which arguably could have prejudiced the defendant, the trial judge severely admonished the district attorney and instructed the jury to disregard the questions."

Upon review of the record, I agree with the foregoing quotation. The petitioner argues that he was prejudiced by the leading questions, in that witnesses simply followed the prosecutor's suggestions as to what their answers should be. However, in several instances, the "leading" involved nothing more than repeating a portion of the last answer of the witness, and asking, "Isn't that right?" In others, the witness responded negatively to the leading questions, demonstrating that they hadn't followed the prosecutor's "lead." I am unable to find that the petitioner's right to a fair trial was in any way disturbed by the leading questions of which he complains.

██ As to the petitioner's claim that he was prejudiced by improper remarks made by the prosecutor during his trial, I adopt the following language from pages 120–21, 246 N.W.2d page 130 of the Wisconsin supreme court's opinion, supra:

"The district attorney on occasion used inappropriate and unlawyerlike language in respect to Hoppe and Holland. Specifically, he referred to them as 'those birds.' He also indulged in inappropriate language when he criticized defense counsel's efforts to secure an answer from a witness. These statements, however, did not go to Hoppe's guilt. In each case defense counsel's objection was sustained, and at one point the district attorney was admonished by the court. The district attorney's epithets were not those of an experienced professional, but they were not conscious or deliberate attempts

to malign or prejudice Hoppe. We do not deem these remarks so prejudicial as to deprive the defendant of a fair trial. The defense counsel is to be commended for his prompt objections. The trial judge appropriately ruled on the objections and prevented prosecutorial conduct that might have resulted in prejudice to the defendant had the prosecutor's course of conduct gone unchallenged."

On two occasions during closing argument, the prosecutor rendered his opinion of the evidence, rather than merely commenting upon the evidence. Objections to his statements were sustained, and in the first instance the jury was instructed to disregard the remark. On the second occasion, the trial court reminded the jurors that the statements of counsel were not to be considered by them as evidence. On a third occasion, the prosecutor was stopped by an objection, which was sustained, before he could render his opinion of the evidence. Without minimizing the inappropriateness of the prosecutor's remarks, it is apparent from a review of the record that no prejudice to the petitioner resulted therefrom.

For the reasons stated above, the petition will be denied as to the claim of prosecutorial misconduct.

█ Finally, the petitioner claims that the denial of his motion for a change of venue in the face of prejudicial pretrial publicity denied him a fair trial. The record on this petition includes the transcript of the *voir dire* proceedings in the trial court and numerous exhibits demonstrating the nature and extent of the pretrial publicity. The question of prejudicial pretrial publicity is discussed in a detailed fashion at pages 110–16, 246 N.W.2d 122 of the Wisconsin supreme court opinion, supra. Except for the overly broad statement of law found on page 112, 246 N.W.2d on page 126 that if "reporting is objective, informational, and noneditorial, it is not to be considered prejudicial," I adopt the reasoning and conclusion of that opinion.

The Wisconsin supreme court found, and I agree, that:

"The record of the questioning of the panel at the time of the *voir dire* shows that impartial jurors were selected, and the defendant was protected by careful *voir dire* procedure, including the appropriate use of challenges by counsel."

Accordingly, the petition will be denied as to the claim of prejudicial pretrial publicity.

Therefore, IT IS ORDERED that the respondent's motion to supplement the record be and hereby is granted.

IT IS ALSO ORDERED that the petition be and hereby is denied.